# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                               **MEMORANDUM OPINION AND ORDER**
                                   Criminal No. 97-268(1) ADM/JMM

Romelle Monte Surratt,

        Defendant.

---

Andrew Dunne, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Romelle Monte Surratt, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Romelle Monte Surratt's 18 U.S.C. § 3582(c)(2) Motion for Reduction of Sentence, July 1, 2013 [Docket No. 282] ("Motion"). For the reasons set forth below, Surratt's motion is denied.

## II. BACKGROUND

In 1997, Surratt was convicted after a jury trial of conspiracy, distribution, and possession of cocaine base (known as "crack") and of being a felon in possession of a firearm. Surratt was found to be accountable for the total amount of drugs seized in his case: 431.1 grams of crack and 609.1 grams of marijuana. In 1998, the Court calculated Surratt's base offense level using the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2D1.1(c). 431.1 grams of crack qualified Surratt as a base Level 34 offender. Presentence Investigation ¶ 22. His firearm offense triggered a two-level enhancement for a total offense Level of 36. Id. ¶¶ 23, 28, 37. Finally, Surratt's previous convictions qualified him for a sentence consideration

under Criminal History Category VI.  Id. ¶¶ 38-48; U.S.S.G. § 5A.  Accordingly, Surratt received a sentence of 324 months in prison, which was the minimum sentence for a Category VI, Level 36 offense.  J., Mar. 17, 1998 [Docket No. 120] at 4.

In 2007 and 2008, the United States Sentencing Commission ("U.S.S.C.") amended the U.S.S.G. § 2D1.1 drug quantity tables used to calculate base offender levels and made the changes retroactive.  U.S.S.G. App'x C, Vol. III, Amendments 703, 706, and 715.  For many individuals convicted for crimes involving cocaine base, the changes had the effect of lowering their base offense level and thus the term of incarceration.  The Federal Defender's Office filed a motion for a reduction of sentence for Surratt.  The Defender's Office and the Government both recommended a two-level reduction in sentence based on the 431.1 grams of cocaine base that Surratt had possessed.  Probation Office's U.S.S.G. § 1B1.10 Report, May 12, 2008.  As a result, Surratt's first motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was granted.  Order, Dec. 30, 2008 [Docket No. 243].  The Court denied Surratt's request for a full resentencing hearing and for a greater sentence reduction under 18 U.S.C. § 3553(a).  Id.  An offender with a base level of 32, and total level of 34 has a sentence range of 262 to 327 months.  On that basis, the Court reduced Surratt's sentence from 324 to 262 months.  Id.  Surratt appealed to the Eighth Circuit Court of Appeals for further reduction, but the ruling was affirmed.  J., April 20, 2009 [Docket No. 249].

Over five years later, on July 1, 2013, Surratt filed the Motion for Reduced Sentence at issue here.  He argues that proper calculation of his drug quantity pursuant to U.S.S.G. Amendment 715 reduces his total offense level to 32, and that he is entitled to a corresponding Guideline range of 210-262 months.  Mot. at 1, 3.

Surratt argues that Amendment 715 "became effective May 1, 2013." Amendment 715 actually became effective May 1, 2008. U.S.S.G. App'x C, Vol. III at 258. Amendment 715 has since been replaced and superseded by Amendments 748 and 750, which became effective November 1, 2010, and November 1, 2011, respectively. Id. at 385, 398. As a result, Surratt's argument is unclear. He may be arguing that in 2008 the Court miscalculated the drug quantity base offense level and should reconsider its December 30, 2008 Order. If that is the case, then Surratt's motion is more properly treated as a motion for reconsideration. On the other hand, Surratt may have simply quoted the wrong amendment, intending to request a sentence reduction based on Amendment 750 to the current Guidelines.

### III. DISCUSSION

**A. Appeals and Motion to Reconsider**

Surratt may be arguing that the Court's 2008 calculation of his sentence reduction was wrong under 2008 Guidelines. If so, the time has passed for raising this issue in a motion to reconsider.

To the extent Surratt is requesting the Court reconsider, in August 2013, its December 30, 2008 Order, Surratt's motion is untimely. The Eighth Circuit has not addressed the timeliness of a motion to reconsider in the § 3582(b)(2) context. However, the courts that have considered the question agree that allowing a defendant to file a § 3582(c)(2) motion to reconsider at any time would allow a defendant to circumvent Rule 4(b) of the Federal Rules of Appellate Procedure. The Tenth Circuit explained:

> A defendant who received an adverse order could let the time to appeal pass, but later move for reconsideration. Thus, the defendant could appeal the court's decision on the reconsideration motion and thereby obtain appellate review of the original order, despite failing to comply with Rule 4(b). This would essentially negate Rule 4(b)'s requirement of a timely appeal.

United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011) (holding that a motion to reconsider a § 3582(c)(2) order must be filed in the same time frame as an appeal, within 14 days after the order is issued); see also United States v. Redd, 630 F.3d 649, 650 (7th Cir. 2011). The Fourth Circuit uses a slightly different approach:

> When the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision.

United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010). Regardless of the approach, it is clear that waiting more than five years to file a motion to reconsider a § 3582(c)(2) order is untimely. Cf. United States v. Ridl, 26 F.3d 73, 74 (8th Cir. 1994); United States v. Frook, No. 4:05-CR-677 CAS, 2008 WL 5110596 (E.D. Mo. Dec. 3, 2008).

**B. Sentence Reduction**

To the extent Surratt is arguing that the Court should consider changes to the Guidelines subsequent to his first sentence reduction, the Court has reviewed the calculations under now effective Guideline Amendments and finds no further reduction is warranted as Surratt's base offense level has not changed.

Pursuant to § 3582(c)(2), sentence reductions are allowable when the reduction is retroactive and consistent with the Guidelines' applicable policy statement and the § 3553 factors. United States v. Dillon, 130 S. Ct. 2683, 2691 (2010). The Guidelines' policy statement regarding reduction in terms of imprisonment is found in U.S.S.G § 1B1.10(a)(2)(B). It states:

> (1) In General.—In a case in which . . . the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment . . . .

> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>> (B) [Amendment 750] does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(1)-(2). As a result, sentence reductions are not consistent with this policy statement when an amendment to the U.S.S.G. does not have the effect of lowering the defendant's applicable Guideline range.

Current Guidelines reflect Amendment 750 and provide the framework for calculating Surratt's offense level. See U.S.S.G. § 2D1.1(c), Commentary Application Notes 8(B) and (D). Where, as here, a defendant is accountable for more than one kind of drug, the Guidelines require finding a combined offense level. Id. at Note 8(B). The Guidelines facilitate this by providing Drug Equivalency Tables, whereby different controlled substances are given corresponding weights of marijuana. Id. at Note 8(D). For example, 1 gram of cocaine base is equivalent to 3,571 grams of marijuana. Id. Once converted, the quantities of marijuana are added together and the total weight is evaluated under Drug Quantity Table. Id. at Note 8(B). In this case, 431.1 grams of cocaine base is equal to 1,539.4581 kilograms of marijuana. Added to the 609.1 grams of marijuana Surratt possessed, Surratt's total becomes 1,540.0672 kilograms of marijuana. This weight of marijuana is within base offense Level 32 on the Drug Quantity Table. Thus, Surratt's base offense level is the same between the level calculated in 2008 and the level calculated now. Therefore, since Surratt does not qualify for a lower base level Guideline range, U.S.S.G. § 1B1.10(a)(2)(B) expressly prevents a further reduction in Surratt's sentence.

**C. Surratt's Additional Requests**

Surratt also requests another evidentiary hearing to consider a discretionary departure based on the § 3553(a) factors. Mot., July 1, 2013, at 2. However, because the Guidelines' policy statement makes clear that Surratt's base offense level has not changed, the Court will not reconsider a discretionary departure. Cf. United States v. Starks, 551 F.3d 839, 841-43 (8th Cir. 2009) (discussing narrow scope of sentence reductions under § 3582(c), and inapplicability of United States v. Booker, 543 U.S. 220 (2005)).

Surratt also filed a Motion to Proceed In Forma Pauperis [Docket No. 280] and a Motion for Appointment of Counsel [Docket No. 281]. It is well established that "the right to appointed counsel only extends to the first appeal of right, and no further." Pennsylvania v. Finely, 481 U.S. 551, 555 (1987). Because the underlying motion is without merit, Surratt's motions to proceed in forma pauperis and to appoint counsel are moot. See Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (directing judges to deny motion to proceed in forma pauperis when underlying petition is frivolous).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 282] is **DENIED**;

2. Defendant's Motion to Proceed In Forma Pauperis [Docket No. 280] is **DENIED**; and,

3. Defendant's Motion to Appoint Counsel [Docket No. 281] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 9, 2013.